UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Office of the Chapter 13 Standing Trustee
Isabel C. Balboa, Esquire
535 Route 38, Suite 580
Cherry Hill, NJ  08002
(856) 663-5002

In Re:

Vince E. Campbell

**Order Filed on March 11, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

Case No.:         17-16949

Hearing Date:     3/5/2019

Chapter:          13

Judge:            Andrew B. Altenburg, Jr.

## ORDER AUTHORIZING
## SALE OF REAL PROPERTY

Recommended Local Form:    ☐ Followed    ☒ Modified

The relief set forth on the following pages numbered two (2) and three (3) is **ORDERED**.

**DATED: March 11, 2019**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

After review of the Debtor's motion for authorization to sell the real property commonly known as _____257 Salem Avenue, Bellmawr, New Jersey_____, New Jersey (the Real Property).

**IT IS** hereby **ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property on the terms and conditions of the contract of sale pursuant to 11 U.S.C. §§ 363(b) and 1303.

2. The proceeds of sale must be used to satisfy the liens on the real property unless the liens are otherwise avoided by court order. Until such satisfaction the real property is not free and clear of liens.

3. ☐ In accordance with D.N.J. LBR 6004-5, the *Notice of Proposed Private Sale* included a request to pay the real estate broker and/or debtor's real estate attorney at closing. Therefore the following professional(s) may be paid at closing.

| |
|---|
| Name of professional: |
| Amount to be paid: |
| Services rendered: |
| |

**OR**: ☐ Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate broker's commissions and attorney's fees for the Debtor's attorneys on further order of this court.

4. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.

5. The amount of $ __1,217.16__ claimed as exempt may be paid to the Debtor.

6. The ☒ *balance of proceeds* or the ☐ *balance due on the debtor's Chapter 13 Plan* must be paid to the Chapter 13 Trustee in the Debtor's case.

7. A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee 7 days after closing.

8. ☐ The debtor must file a modified Chapter 13 Plan not later than 21 days after the date of this order.

9. Other provisions:
   All non-exempt proceeds from sale should be paid to the Chapter 13 Standing Trustee to disburse to 100% to unsecured creditors who filed timely claims.

*rev.8/1/15*